**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6338**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID ALLEN RILEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (1:07-cr-00023-jpj-mfu-1)

Submitted: April 3, 2009        Decided: April 17, 2009

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

David Allen Riley, Appellant Pro Se. Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Allen Riley seeks to appeal the district court's order dismissing his 28 U.S.C.A. § 2255 (West Supp. 2008) motion following the Government's motion to dismiss based on a waiver provision in Riley's plea agreement. On appeal, Riley does not contest the validity of the waiver, but rather argues new evidence supports a § 2255 motion.

The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

We have independently reviewed the record and conclude that because Riley makes no argument on appeal that the district court erred in finding the plea was knowing and voluntary and that his claims are within the scope of the waiver, he has waived appellate review of these claims. Edwards v. City of

2

Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999). Even if Riley properly pursued these claims on appeal, however, we would find that reasonable jurists would not find the district court's disposition debatable or wrong. Furthermore, Riley's claim of ineffective assistance of counsel presented in the first instance on appeal is barred as it falls within the scope of his waiver of the right to pursue relief pursuant to § 2255. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED